UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY SHANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-865 (CEJ) |
| ) | |
| DOANE MARKETING RESEARCH, ) et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6). Also before the Court are the plaintiff's motions to amend his complaint and to remand this action to the state court. The issues are fully briefed.

### I.   Background

This is the second lawsuit filed by *pro se* plaintiff Terry Shannon who asserts that he has been subjected to unlawful discrimination by his employer, Doane Marketing Research.[1]

Plaintiff filed his first action in this Court, asserting claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, and defamation *per se*. Shannon v. GFK-Kynetec, No. 4:11CV2181 (CEJ). Plaintiff then filed a succession of amended complaints. See Docs. #4, # 34, # 38-2, # 42, # 44-2. On March 21, 2012, the Court issued an order determining that plaintiff's complaints did not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Doc. #45. The Court directed plaintiff to file an amended complaint that complied with several specific requirements or risk dismissal of his action.

---

[1] Plaintiff also names as defendants GFK-Kynetec, GFK-Group, and seven individials.

Seven days later, plaintiff filed a nonconforming amended complaint.  #46.  Within days of filing this document, however, plaintiff filed a motion for leave to dismiss without prejudice.  That motion was granted on April 10, 2012.

On April 16, 2012, plaintiff filed the instant action in the Twenty-First Judicial Circuit Court of Missouri (St. Louis County), again alleging unlawful employment discrimination in violation of Title VII, the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. §§ 213.010 *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1988.  On May 14, 2012, defendants removed the action to this Court pursuant to federal question jurisdiction under 28 U.S.C. § 1331.  [Doc. #1].  On May 17, 2012, defendants filed a motion to dismiss, noting that the removed complaint suffered from the same deficiencies noted in plaintiff's prior lawsuit.  [Doc. #7].  Also on May 17th, plaintiff filed a motion to amend his complaint to remove his federal claims.  [Doc. #9].  He also filed the proposed amended complaint [Doc. #12], a memorandum in support of that complaint [Doc. #13], and a motion to remand to state court.  [Doc. #8].[2]

II.   **Discussion**

Rule 15(a) of the Federal Rules of Civil Procedure states:

(1)   *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:

    (A)   21 days after serving it, or

    (B)   if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Here, plaintiff filed his motion to amend the same day that defendants filed their motion to dismiss pursuant to Rule 12(b)(6).  Because plaintiff moved to amend within

---

[2]Plaintiff filed a second motion to remand on May 22, 2012.  [Doc. #14].  Before the defendants responded to the motion to remand, plaintiff filed yet another motion to amend his complaint [Doc. #16].  Since that time, plaintiff has filed a motion for partial summary judgment [Doc. #23] and an amended motion for partial summary judgment [Doc. #26].

the time contemplated by Rule 15(a)(1), his amendment was "as a matter of course" and leave was not required for the amended complaint to govern plaintiff's claims.

The amended complaint no longer states any federal claims and the parties are not diverse.  The Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims because the MHRA's "safeguards are not identical to the federal standards and can offer greater discrimination protection."  Wierman v. Casey's General Stores, 638 F.3d 984, 1002 (8th Cir. 2012) (quoting Daugherty v. City of Maryland Heights, 231 S.W.3d 814, 818–19 (Mo. 2007) (*en banc*)); Clark v. Matthews Intern. Corp., 628 F.3d 462, 472 (8th Cir. 2010) (claim under MHRA raised novel or complex issue of state law) (vacated in part on rehearing).   Because subject matter jurisdiction does not exist, this action will be remanded to the state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint [Doc. #9] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion to remand [Doc. # 14] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-First Judicial Circuit Court of Missouri (County of St. Louis) from which it was removed.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of September, 2012.